Thomas Amodio, ABA No. 8511142
REEVES AMODIO LLC
500 L Street, Suite 300
Anchorage, AK 99501-1990
(907) 222-7100 (phone)
(907) 222-7199 (fax)
tom@reevesamodio.com
Attorneys for Plaintiff Samantha Mixsooke

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SAMANTHA MIXSOOKE, sole beneficiary and surviving spouse of RAYMOND C. C. MIXSOOKE, deceased,<br><br>       Plaintiff,<br><br>v.<br><br>PRUDENTIAL LIFE INSURANCE COMPANY, Office of Servicemembers' Group Life Insurance (OSGLI),<br><br>       Defendant. | No. _____<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Plaintiff Samantha Mixsooke ("Mixsooke" or "Plaintiff"), by and through her counsel, Reeves Amodio LLC, alleges as follows:

### I. PARTIES

1. Plaintiff Samantha Mixsooke ("Mixsooke" or "Plaintiff") is a resident of the State of Alaska, is the widow of Raymond C. C. Mixsooke, deceased, and is fully competent and qualified to maintain this action.

2. Defendant Prudential Life Insurance Company, Office of Servicemembers' Group Life Insurance ("Prudential" or "Defendant") is a New Jersey corporation having its headquarters

in Newark, New Jersey. Prudential is licensed to do business in all 50 states, including Alaska. Prudential is therefore amenable to the jurisdiction of this Court.

## II. JURISDICTION/VENUE

3. Jurisdiction is proper under 28 U.S.C. § 1331 because this dispute involves payment of benefits due under a Servicemembers' Group Life Insurance ("SGLI") policy, which program and policy arise under the laws of the United States of America. Venue is proper under 28 U.S.C. § 1391(a) and (b), 28 U.S.C. § 81A, and D. Ak. LR 3.3.

## III. FACTUAL ALLEGATIONS

4. Plaintiff Samantha Mixsooke is the widow of Raymond C. C. Mixsooke. Samantha and Raymond Mixsooke were married on September 19, 2011. Samantha and Raymond Mixsooke were still husband and wife when, on July 5, 2012, Raymond Mixsooke died.

5. On December 21, 2011, Raymond C. C. Mixsooke executed a Last Will and Testament ("Will") which left all of his property, real and personal, to Samantha Mixsooke, if she survived him. If Samantha did not survive him, Raymond Mixsooke left everything "to those who would take from [him] as if [he] were then to die without a will, unmarried…."

6. Thus, Samantha Mixsooke is the surviving spouse and sole beneficiary of Raymond Mixsooke.

7. In his Will, Raymond Mixsooke stated that he was "in the military service of the United States, currently stationed at Joint Base Elmendorf-Richardson, Alaska." His Will also stated as follows:

Reeves Amodio LLC
500 L Street, Suite 300
Anchorage, Alaska 99501-1990
Phone (907) 222-7100, Fax (907) 222-7199

MILITARY TESTAMENTARY PREAMBLE: This is a Military TESTAMENTARY INSTRUMENT prepared pursuant to Title 10 United States Code, Section 1044d, and executed by a person authorized to receive legal assistance from the military services. Federal law exempts this document from any requirement of form, formality, or recording that is prescribed under the laws of a state, the District of Columbia, or a territory, commonwealth of possession of the United States. Federal law specifies that this document shall be given the same legal effect as a testamentary instrument prepared and executed in accordance with the laws of the jurisdiction in which it is presented for probate. It shall remain valid unless and until the Testator revokes it.

8. Raymond's Will appointed Samantha Mixsooke and his mother, Sharon Mixsooke, as joint personal representatives. His Will also stated as follows: "I have served in the Armed Forces of the United States. I therefore request that my personal representatives make appropriate inquiries to ascertain whether there are any benefits to which I, my dependents, or my heirs may be entitled by virtue of any military affiliation." At the time of Raymond's death, Samantha Mixsooke was his only heir and dependent.

9. Raymond's Will was witnessed and signed by Jeri K. Goff, TSgt. USAF, and Jerome Prakies. The Will was notarized by Amanda K. Snipes, Judge Advocate, who certified that she was "a person in the service of the United States Armed Forces authorized the general powers of a notary public under Title 10 U.S.C. 1044a of the grade, branch of service and organization stated below and this certificate is executed in [her] capacity as a person authorized notary authority under Title 10 U.S.C. 1044a."

10. Before he was married to Samantha, Raymond Mixsooke obtained a Servicemembers' Group Life Insurance ("SGLI") policy which provided $400,000 in death benefits. At the time, Raymond Mixsooke was married to Katy R. Miller. Raymond identified Katy R. Miller, his then spouse, as his beneficiary under the SGLI policy. Raymond and Katy

REEVES AMODIO LLC
500 L STREET, SUITE 300
ANCHORAGE, ALASKA 99501-1990
PHONE (907) 222-7100, FAX (907) 222-7199

had married on or about March 29, 2007. In the margin of the SGLI beneficiary designation, next to the name "Katy Miller," Raymond wrote "wife name + address."

11. On or about July 24, 2009, Raymond Mixsooke and Katy Miller (then Mixsooke) dissolved their marriage. At the dissolution hearing, the Judge made the following notes of record in response to his inquiries:

- [N]o other agreement not in [dissolution] paperwork
- [W]ife [Katy] has no retirement, husband [Raymond] has couple months military retirement, husband keeping
- [W]ife has no issue executing waiver of interest in retirement
- [N]o one forced or coerced to enter [dissolution] agreement
- [D]on't get along, can't stay married

12. Upon information and belief, through administrative oversight or otherwise, the beneficiary designation on Raymond Mixsooke's SGLI policy was never updated or corrected. At the time of his death, therefore, the SGLI policy erroneously continued to identify Katy Miller, his ex-wife, as his beneficiary.

13. At the time of his death, Raymond Mixsooke intended his sole beneficiary and his heir to be Samantha Mixsooke, his wife. In fact, Raymond had previously told Samantha how, in the event that he died, he wanted his SGLI benefits ($400,000) to be shared by Samantha, Raymond's mother, his father, his siblings, his goddaughter, and Samantha's siblings. Raymond had shown Samantha a list detailing the breakdown of how his SGLI benefits should be distributed.

14. Further, Raymond communicated this intent—that Samantha, his wife (now widow) rather than Katy Miller, his ex-wife, was his sole beneficiary—in writing to the military. For example, when Raymond submitted his "Record of Emergency Data," on or about December

-4-

Case 3:12-cv-00170-JWS   Document 1   Filed 08/15/12   Page 4 of 8

had married on or about March 29, 2007. In the margin of the SGLI beneficiary designation, next to the name "Katy Miller," Raymond wrote "wife name + address."

11. On or about July 24, 2009, Raymond Mixsooke and Katy Miller (then Mixsooke) dissolved their marriage. At the dissolution hearing, the Judge made the following notes of record in response to his inquiries:

- [N]o other agreement not in [dissolution] paperwork
- [W]ife [Katy] has no retirement, husband [Raymond] has couple months military retirement, husband keeping
- [W]ife has no issue executing waiver of interest in retirement
- [N]o one forced or coerced to enter [dissolution] agreement
- [D]on't get along, can't stay married

12. Upon information and belief, through administrative oversight or otherwise, the beneficiary designation on Raymond Mixsooke's SGLI policy was never updated or corrected. At the time of his death, therefore, the SGLI policy erroneously continued to identify Katy Miller, his ex-wife, as his beneficiary.

13. At the time of his death, Raymond Mixsooke intended his sole beneficiary and his heir to be Samantha Mixsooke, his wife. In fact, Raymond had previously told Samantha how, in the event that he died, he wanted his SGLI benefits ($400,000) to be shared by Samantha, Raymond's mother, his father, his siblings, his goddaughter, and Samantha's siblings. Raymond had shown Samantha a list detailing the breakdown of how his SGLI benefits should be distributed.

14. Further, Raymond communicated this intent—that Samantha, his wife (now widow) rather than Katy Miller, his ex-wife, was his sole beneficiary—in writing to the military. For example, when Raymond submitted his "Record of Emergency Data," on or about December

Reeves Amodio LLC
500 L Street, Suite 300
Anchorage, Alaska 99501-1990
Phone (907) 222-7100, Fax (907) 222-7199

6, 2011, he stated that Samantha should be the recipient of all "Unpaid Pay and Allowances," and that his "Death Gratuity" should be paid "in accordance with current laws." Under current laws and pursuant to his Will, Samantha has the right to receive all death gratuities.

15. Further, in his Will, Raymond Mixsooke clearly showed his intent to leave everything to Samantha Mixsooke, his spouse (now widow). His Will was prepared for him by military personnel, contained a special provision relating to wills of active military personnel, was witnessed by military personnel, and notarized by a Judge Advocate.

16. Finally, in the margin of his signed SGLI beneficiary designation, next to the name "Katy Miller," Raymond had handwritten "wife name + address." This clearly indicated that Raymond intended that "his wife" be the beneficiary of his SGLI benefits. At the time of his death, Samantha Mixsooke was his "wife."

17. Raymond clearly intended that Samantha be his beneficiary, not Katy Miller. Upon information and belief, Katy Miller committed adultery on Raymond while they were married. Further, Katy is presently married to Chad Nuttall, the man (on information and belief) with whom she committed adultery. That Katy should receive Raymond's SGLI benefits, $400,000, would be a miscarriage of justice.

18. Further, upon information and belief, at the time of his death, and for some time before, Raymond had little or no relationship with his ex-wife, Katy Miller. In fact, Raymond bore ill will towards Katy as a result of their divorce. Raymond had no children with Katy.

19. Finally, upon information and belief, the military failed to have Raymond review the beneficiary designation of his SGLI policy.

Reeves Amodio LLC
500 L Street, Suite 300
Anchorage, Alaska 99501-1990
Phone (907) 222-7100, Fax (907) 222-7199

## IV. FIRST CLAIM FOR RELIEF
### (Temporary Restraining Order or Preliminary Injunction)

20. Plaintiffs reallege and incorporate herein the allegations contained in the preceding paragraphs of the complaint.

21. Defendant Prudential has informed Samantha Mixsooke that it intends to disburse the $400,000 in SGLI benefits to Katy Miller on or about August 23, 2012, unless Prudential is legally restrained from doing so.

22. The facts alleged above show that Raymond Mixsooke intended that Samantha Mixsooke be his sole heir and beneficiary in the event of his death, and that this intent was communicated in writing to the appropriate authorities.

23. The proposed course of conduct of Defendant Prudential in disbursing the SGLI benefits to someone other than Samantha Mixsooke, as alleged above, will cause immediate and irreparable harm to Samantha.

24. Accordingly, Plaintiff Samantha Mixsooke is entitled to a temporary restraining order and/or preliminary injunction enjoining Defendant Prudential from paying out or disbursing the SGLI benefits for Raymond to anyone other than Samantha.

## V. SECOND CLAIM FOR RELIEF
### (Declaratory Relief/Permanent Injunction/Mandamus)

25. Plaintiffs reallege and incorporate herein the allegations contained in the preceding paragraphs of the complaint.

26. The facts alleged above establish that Samantha Mixsooke is the intended heir and beneficiary of Raymond Mixsooke for all benefits, including SGLI benefits, and that this intent was communicated in writing to the appropriate authorities.

27. Plaintiff Samantha Mixsooke is therefore entitled to a declaratory judgment, permanent injunction, and/or mandamus directing Defendant Prudential to pay to Samantha, and to no one else, the benefits due under Raymond's SGLI policy.

## VI. PRAYER FOR RELIEF

Having alleged the foregoing, Plaintiff Samantha Mixsooke prays for the following relief against Defendant Prudential Life Insurance Company:

A. For a temporary restraining order and/or preliminary injunction against Defendant Prudential Life Insurance Company enjoining Prudential from paying out or disbursing the benefits of Raymond Mixsooke's SGLI policy to anyone other than Plaintiff Samantha Mixsooke.

B. For a judgment against Defendant Prudential Life Insurance Company declaring that Samantha Mixsooke is the rightful heir and beneficiary of Raymond Mixsooke for all matters, including the benefits under his SGLI policy,

C. For a permanent injunction and/or mandamus against Defendant Prudential Life Insurance Company directing Prudential to pay to Samantha Mixsooke the full amount of the benefits under Raymond Mixsooke's SGLI policy, $400,000;

D. For fees and costs in bringing this suit to the full extent permitted by law;

E. For such other relief as the Court deems just and equitable.

Reeves Amodio LLC
500 L Street, Suite 300
Anchorage, Alaska 99501-1990
Phone (907) 222-7100, Fax (907) 222-7199

DATED this 15th day of August 2012.

                                  REEVES AMODIO LLC
                                  Attorneys for Plaintiff Samantha Mixsooke

                              By: _____
                                  Thomas P. Amodio

REEVES AMODIO LLC
500 L STREET, SUITE 300
ANCHORAGE, ALASKA 99501-1990
PHONE (907) 222-7100, FAX (907) 222-7199